IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DARIAN TOWNES, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : NO. 7:22-cv-10-WLS-TQL |
| | : |
| HEATHER DAVIS; | : |
| WARDEN PINERO; | : |
| COUNSELOR QUINN; | : |
| WARDEN EMMONS; | : |
| TIMOTHY WARD; | : |
| GEORGIA DEPARTMENT OF | : |
| CORRECTIONS ADMIN., | : |
| | : |
| Defendants.[1] | : |

**ORDER**

Plaintiff, Darian Townes, a prisoner in Valdosta State Prison in Valdosta, Georgia, filed a complaint dated October 11, 2020 in the United States District Court for the Southern District of Georgia. ECF No. 1. Plaintiff moved to proceed *in forma pauperis*, and the Court granted his motion on March 2, 2021. ECF Nos. 3; 5; 6; 7; 8; 9; 10; 12; 16.

Plaintiff filed an amended complaint on August 2, 2021. ECF No. 28. On January 31, 2022, the United States District Court for the Southern District of Georgia determined

---

[1] The Court notes that with each amended complaint, Plaintiff names different Defendants in the heading. ECF Nos. 1; 28; 35; 45. Currently, he shows the above-named Defendants in the heading of his recast complaint. ECF No. 45.

1

venue was not proper in that district and transferred the case to this Court. ECF No. 32.

On February 1, 2022, this Court ordered Plaintiff to submit his complaint on the required 42 U.S.C. § 1983 form. ECF No. 28. Plaintiff complied, ECF No. 35, and one week later, filed a motion to amend, ECF No. 39, and a motion for issuance of summons, ECF No. 41. Approximately three days later, Plaintiff filed a motion to produce. ECF No. 42.

In its March 1, 2022 Order, the Court denied Plaintiff's motion for issuance of a summons and motion to produce, explaining that these motions were premature. The Court also denied Plaintiff's motion to amend as moot because he was allowed "one last opportunity to file a complaint." ECF No. 43.

The Court explained to Plaintiff that his amended complaints, (ECF Nos. 35; 39) contained a plethora of unrelated claims that he failed to connect to any Defendant. ECF. No. 43 at 2-4. Plaintiff was ordered to file a recast complaint that would take the place of his previously filed complaints. *Id*. at 5. The Court told Plaintiff to limit the recast complaint to ten pages and not to include any attachments or exhibits. *Id*. Plaintiff was ordered to raise only related claims and was told how to determine if claims were related. *Id*. at 5-6. The Court specifically ordered Plaintiff to list each Defendant he wanted to sue in the heading of his complaint, list the Defendants again in the body of the complaint, tell the Court exactly what each Defendant did, or did not do, that allegedly violated Plaintiff's rights, and when the actions or inactions occurred. *Id*. at 6. The Court informed Plaintiff that if he failed to "link a Defendant to a claim, that claim would be dismissed." *Id*. The

Court instructed Plaintiff that his complaint may be dismissed if he failed to follow these instructions. *Id*. at 8.

In response to this Order, Plaintiff filed a thirteen-page complaint to which he attached nineteen pages of exhibits or "declarations." ECF No. 45. In the heading of the complaint, he named five individual Defendants (Heather Davis, Warden Pinero, Counselor Quinn, Warden Emmons, and Timothy C. Ward) and the "Ga. Dep't of Corr. Admin." *Id*. at 1. Question twelve on the standard § 1983 form asks the name, official position, and place of employment for each named Defendant. *Id*. at 4. In response, Plaintiff named Heather Davis, Counselor Quinn, Warden Emmons, Assistant Warden Pinero, Warden Robert Toole, and "[a]ll Warden[s] of Care Treatment and Counselor Staff employed in Georgia State Prison from 2008-2016, when I was transferred." *Id*. at 5.

Plaintiff fails to name one Defendant in the Statement of Claim section of the complaint, *Id*. at 6-13, although the Court ordered him to name each Defendant in the body of the complaint and to tell the Court exactly what each Defendant did and when, ECF No. 43 at 6. Instead of following the Court's detailed instructions, Plaintiff alleges the incidents about which he complains occurred from "2008 to the present" when "the Defendants" (1) were negligent, unprofessional, and indifferent, *Id*. at 6-7; (2) failed to follow the instructions of the Georgia Board of Pardons and Paroles and transfer him to either a work release program, a transitional center, or a medium security prison, *Id*. at 6, 8, 11; (3) violated his First Amendment Rights by preventing him from "asserting the Sentence Conversion and Crime Level Reduction [r]eceived and [c]omputed against the [c]onviction

3

since 2008 that legally override (sic) the denial and timeliness issues mentioned by Defendants in this complaint,"[2] *Id*. at 9; (4) "violated appearance Regulations by not escorting [him] to a scheduled [h]abeas [h]earing in Tattnall County[,] G[eorgi]a" in 2016, *Id*.; (5) "continue to exchange improper communications and records with the Court," *Id*.; and (6) refuse to correct the errors in his sentence computation, *Id*. at 11.[3] Plaintiff requests the Court "issue a mandate to uphold the mandated order of work release and give [him] a monetary and punitive judgment against the Defendants for the amounts of loss charged due to [his] being detained in their custody without [his First] Amendment Rights and not being escorted to [his] Tattnall County [h]abeas [h]earing." *Id*. at 7.

Plaintiff's complaint is dismissed because he failed to follow the Court's instructions. His complaint consists of more pages than allowed by the March 1, 2022 Order. ECF Nos. 43; 45. Additionally, he attached nineteen pages of exhibits when the Court ordered him to attach none. *Id*. More importantly, Plaintiff failed to specify which Defendant committed which alleged constitutional or federal law violation. In fact, he did

---

[2] The Court does not know to what Plaintiff is referring.

[3] Approximately two weeks after filing the recast complaint, Plaintiff filed a document that was docketed as a "Memorandum in Support of Recast Complaint/Petition." ECF No. 46. In the document, Plaintiff argues that the "Defendants'" negligence and indifference has resulted in "unpaid" charges to his inmate account; the "Defendants" refused to escort him to a habeas hearing and this resulted in the denial of habeas petition as "untimely"; the Defendants must be "monetarily and criminally held accountable" due to their "indifference and neglect." *Id*. at 1-2. Thus, like the recast complaint and all of the exhibits or "declarations" attached to the recast complaint, this document fails to link any particular Defendant to any particular claim.

not list one Defendant in the Statement of Claim section although the Court specifically ordered him to do so.  ECF No. 45 at 6-13.  Also, Plaintiff failed to tell the Court when most of the incidents about which he complains occurred, stating instead that they occurred from "Oct. 2008-present." *Id*. at 6.

The Court told Plaintiff that his failure to link a claim to a Defendant would result in dismissal of the claim.  ECF No. 43 at 6.  The Court also told Plaintiff that failure to follow the Court's instructions could lead to dismissal.  *Id*. at 8.  A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders.  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint).  Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'"  *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (upholding dismissal without prejudice of pro se prisoner's complaint for failure to follow court's instructions).

This action is **DISMISSED** without prejudice due to Plaintiff's failure to follow the

Court's Orders.  Fed. R. Civ. P. 41(b).[4]

**SO ORDERED** this <u>5th</u> day of April, 2022.

                                                    <u>/s/ W. Louis Sands            </u>
                                                    W. LOUIS SANDS, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[4] While the Court dismisses the complaint without prejudice due to Plaintiff's failure to comply with the Court's instructions, his case is subject to dismissal for other reasons as well.  As stated above, he failed to link any of the claims to any named Defendant.  To state a § 1983 claim a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983).  Where no causal connection has been alleged, such claims cannot proceed.  Additionally, as the Court previously informed Plaintiff (ECF No. 43 at 6-7), he does not have a constitutional right to serve the remainder of his sentence on work release or on any particular level of security classification.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Goodwin v. Woods,* No. 2:15-cv-6-RWS, 2015 WL 2255053, at *7 (N.D. Ga. May 13, 2015) (citations omitted) (stating that Georgia statutes addressing work release "reserve substantial discretion to state officials regarding who may participate" and, therefore, the statutes create no liberty interest).  Additionally, the Court told Plaintiff that it could not order or "mandate" that he be given any certain security classification or be housed in any particular prison.  *See McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (stating that "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise").  Finally, any potential claim regarding Defendants' failure to escort him to a hearing in 2016 would be barred by the applicable two-year statute of limitations.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (dismissal under 28 U.S.C. 1915A is appropriate for claims filed after the expiration of the statute of limitations).