IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DARIAN TOWNES, | : |
| Plaintiff, | : |
| VS. | : NO. 7:22-cv-10-WLS-TQL |
| HEATHER DAVIS; WARDEN PINERO; COUNSELOR QUINN; WARDEN EMMONS; TIMOTHY WARD; GEORGIA DEPARTMENT OF CORRECTIONS ADMIN., | : |
| Defendants. | : |

## ORDER

Following dismissal of this action and entry of judgment, Plaintiff filed a letter in which he asks the Court to "refile the dismissed claim against Valdosta State Prison." ECF Nos. 49; 50; 51. Plaintiff also requests "appointment of counsel" to help him litigate the claim that "state officials have abused their discretion by not transferring [him] to the specific assigned . . . work release or medium security prison." ECF No. 51 at 1. This letter has been docketed as a motion for reconsideration and motion to appoint counsel. *Id.* As explained below, these motions are denied.

### I. STANDARD

Because final judgment has been entered, Plaintiff's motion is properly characterized as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing

1

a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

## II. ANALYSIS

According to Plaintiff, unnamed state officials' "negligence hinder[s] and obstructs [unspecified] court orders." *Id.* at 2. He states that he has "a liberty interest in participating in a transitional center work release program because it is mandated by order of the State." *Id.* Plaintiff states that the Order dismissing his complaint did "not address the material issues of [his] claim." *Id.*

The Court dismissed this action because Plaintiff failed to follow the Court's detailed instructions regarding how to recast his complaint. *Id.*; Fed. R. Civ. P. 41(b). Specifically, Plaintiff named numerous Defendants in the heading of his complaint but failed to link his various allegations to any Defendant, raised numerous unrelated claims, and did not tell the Court when most of the incidents about which he complained occurred. ECF No. 49.

Plaintiff's motion provides no basis to alter or amend the judgment in this action. Plaintiff still fails to link any named Defendant to his claim. Even if he did, however, Plaintiff does not have a constitutional right, enforceable through the Due Process Clause, to serve his sentence on work release or on any particular level of security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Goodwin v. Woods*, No. 2:15-cv-6-RWS, 2015 WL 2255053, at *7 (N.D. Ga. May 13, 2015) (citations omitted) (stating that Georgia statutes addressing work release "reserve substantial discretion to state officials

regarding who may participate" and, therefore, the statutes create no liberty interest). Additionally, the Court cannot order that Plaintiff be given any certain security classification or be housed in any particular prison. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (stating that "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise").

Consequently, Plaintiff's motion for reconsideration is **DENIED**. Because the case is not being re-opened, Plaintiff's motion for appointment of counsel is **DENIED** as moot.

SO ORDERED, this 15th day of June 2022.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT